AMERICAN AUTOMATIC VENDING CORP., APPELLANT, v.
PORTERFIELD, TAX COMMR., APPELLEE.

[Cite as American Automatic Vending Corp. v. Porter-
field, 20 Ohio St. 2d 149.]

(No. 69-206—Decided December 23, 1969.)

*Messrs. Burke, Haber & Berick, Mr. Marvin S. Zel-
man* and *Mr. Bruce J. Bettigole,* for appellant.
*Mr. Paul W. Brown,* attorney general, and *Mr. Jon
A. Ziegler,* for appellee.

*Per Curiam.* Appellant is engaged in the retail sales
of cigarettes, beverages, candy and other products through
company-owned and operated vending machines. By lease
arrangement, these vending machines are placed on busi-
ness premises, and the sites upon which they are thus plac-
ed are known in the idiom of the vending machine industry
as "locations."

Through the years, appellant has acquired the assets
of other vending corporations, including tangibles as well
as lease locations. A standard type of contract in the in-
dustry is used in these acquisitions by which appellant
buys the sellers' vending machines, parts therefor, loca-
tions, good will and trade names, and obtains noncompeti-
tion covenants. The location contracts are assigned to ap-
pellant.

Although appellant specifically purchases the good-
will of the companies it absorbs, according to the record
it does not have a separate bookkeeping account for good-
will so purchased. Rather, part of the purchase price was

allocated to tangible assets and part was allocated to an account known as "Cost of Locations."

In filing its Ohio corporate franchise tax returns for the years 1962 through 1966 appellant did not specify cost of locations, along with "goodwill" purchased, as "cost of intangibles." The Ohio franchise taxes were computed for those years in accordance with the mathematical computation set forth in Section 5733.05, Revised Code, and were paid to the Treasurer of State.

On June 28, 1967, appellant filed for refunds of part of the franchise taxes thus paid. On April 19, 1968, appellant presented amended franchise tax returns for the years 1962 through 1966 for the consideration of the Tax Commissioner. The Tax Commissioner, under date of June 11, 1968, denied appellant's claim for a refund.

Notice of appeal was then filed with the Board of Tax Appeals and, after hearing, the Board of Tax Appeals rendered a decision to the effect that "the 'Cost of Locations' as carried on the books of the appellant is not 'good will' as set forth in Revised Code Section 5733.05, but is a valuable asset in which the appellant can deal either in purchase or sale and on which appellant can, and does, place an actual and provable cash value which is allocated to the individual vending machine location."

Upon a careful consideration of the record, the statutes involved, the respective briefs of the parties, and with the benefit of the oral argument, it is our determination, and we so hold, that appellant does not have a right to a refund and that the decision of the Board of Tax Appeals, approving the final order of the Tax Commissioner denying a refund to appellant, is neither unreasonable nor unlawful. It is, therefore, affirmed.

*Decision affirmed.*

TAFT, C. J., MATTHIAS, O'NEILL, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.